No. 903

First Circuit

———

PARKER v. WEBER-KING MFG. CO.

———

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)
(March 30, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

———

Jackson & Smith, of Shreveport, attorneys for plaintiff, appellant.

Woosley & Cavanaugh, of Leesville, attorneys for defendant, appellee.

LeBLANC, J. The defendant appeals from a judgment in the district court condemning it to pay plaintiff compensation at the rate of $20 per week for a period of 400 weeks. The judgment also fixed the fees of the experts who testified in the case as well as the fees of the attorneys for plaintiff.

The injury for which plaintiff recovered compensation was a hernia on the right side which was caused by straining while he was engaged in the performance of his duties as master mechanic for the defendant, straightening out an axle of one of their trucks.

The facts in the case are not disputed, the main defense being that plaintiff is not totally incapacitated from performing work of a reasonable character, as the injury he suffers from is what is referred to as an incomplete hernia as distinguished from a complete hernia. Defendant also urges in the alternative, that should it be finally decreed that plaintiff is entitled to compensation, the evidence shows that at the time he stopped working, which was two months after his injury, he was being paid $21 per week, and therefore, his compensation should be based on that wage, 65 per cent of which is $13.65, and that it should be limited to 300 weeks as for partial disability.

We are not aware of any distinction ever having been made between a complete and an incomplete hernia for the purpose of considering an award for compensation to an employee. In 1926, the legislature in amending certain sections of the original compensation statute of 1914 made special provisions regarding claims for disability arising out of hernia. See paragraph 17 under sub-section (d) of paragraph 1 of section 8 of Act No. 85 of 1926. But even then, with all the effort that appears to have been made to regulate this class of claims, which sometimes appeared of a questionable character, the legislature drew no distinction between complete and incomplete hernias. The attempt made by the legislature to go even as far as it then did, must not have proved very satisfactory, as in the subsequent amending act, we find those provisions entirely omitted, and they are therefore no longer in effect. See Act No. 242 of 1928, which amends and re-enacts section 8 of the original compensation statute as already amended by various other statutes including Act No. 85 of 1926.

We know that medical science recognizes a difference between a hernia that is called complete and one that is referred to as being incomplete. That is shown by the testimony of the doctors who testified in this case. They all state, however, that whether complete or incomplete, it is a hernia nevertheless and renders the patient disabled to do work that requires straining and heavy lifting. One of the doctors, Dr. W. R. Reid, in making the comparison refers to them as reducible and irreducible hernia instead of complete and incomplete. The term he uses portrays the condition perhaps a bit better to our minds for we understand the incomplete or reducible hernia to be one which can be reduced and made to go back into the abdominal cavity and can be kept there by use of a truss, whereas the irreducible or complete hernia cannot be pushed and kept back, because the rupture in the abdominal wall is too large. In cases of complete hernias,

what is referred to by the doctors as "strangulation" takes place, and that becomes a serious condition, because then the hernia comes through the outer ring and the blood circulation is then cut off. It appears, however, that if a reducible hernia is not kept in the abdominal cavity by means of the truss, it will, on the least bit of strain, become strangulated with very serious resulting effects. One of the doctors testifying in behalf of the defendant in this case, says that there is no doubt that if the plaintiff had not been wearing a truss and had been doing his regular work, he would in time have had a complete hernia.

We have not found, nor have we been referred to, any decision of any court holding that there was any difference between a complete and an incomplete hernia as relates to the fixing of an employee's compensation, and as it is not disputed in this case that the plaintiff is suffering from a hernia, and that it resulted from an accidental injury sustained while he was engaged in the course of his employment, we are of the opinion that he is entitled to recover.

The evidence regarding his ability to do work of some character is a bit conflicting. We think, however, that plaintiff has shown by a preponderance of testimony that he is unable to do the same kind of work he was engaged in at the time of his injury when he was earning wages which entitled him to the maximum amount of compensation under the statute. The light work he was given after his injury and for which he earned a much smaller wage, appears to us, to have been an act that was prompted by the munificence of a sympathetic employer as a reward for the efficient and faithful service of a good employee. We do not believe that the acceptance by the latter of that kind of employment should defeat his right to recover compensation based on the average weekly wage he was receiving at the time he was injured, and which it was shown he was fully capable of earning. The testimony of the several doctors satisfies us that he is unable to do that character of work, and that being so, his case must be considered as one of total disability for which he is entitled under the provisions of the act of 1928 to be paid during the period of disability, not exceeding 400 weeks.