## BIGGS v. LIBBEY–OWENS–FORD GLASS CO., Inc., et al.

### No. 5379.

Court of Appeal of Louisiana. Second Circuit.

April 2, 1937.

For former opinion, see 170 So. 273.

Brooks, Barnette & Barnette, of Shreveport, for appellant.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, for appellees.

HAMITER, Judge.

Under allegations that he was rendered totally and permanently disabled while discharging the duties of his employment, plaintiff instituted this suit against his employer and its insurer to recover appropriate compensation. The alleged occurrence of a left inguinal hernia was the foundation of the claimed disability. The district court rejected plaintiff's demands, and he appealed to this court.

On the original hearing, we were of the opinion that plaintiff's claim was meritorious. Accordingly, the judgment of the trial court was reversed on October 30, 1936, and judgment was rendered in plaintiff's favor and against both defendants, in solido, for compensation at the rate of $13.58 per week during the period of total disability, but not exceeding 400 weeks. It was further decreed that the first payment was due November 9, 1934, and that all payments should bear legal interest from their respective maturities until paid. Defendants were cast for costs. 170 So. 273.

Subsequently, defendants filed a motion in which they assigned numerous errors surrounding our judgment. Also, they alleged therein that plaintiff commenced work as a barber about seven days before the judgment was rendered by the trial court and has worked as a barber ever since; and that these facts were not known to defendants until after the appeal was lodged in this court. Attached to the motion was a separate affidavit in substantiation of the allegations. Their prayer was that a rehearing be granted, and that after further consideration the judgment of the district court be affirmed; or, in the alternative, that the case be remanded for the purpose of permitting defendants to establish and incorporate in this record the aforementioned alleged facts.

Plaintiff's counsel filed an answer to defendants' motion and a memorandum brief in support thereof. Annexed thereto were two affidavits. One of these is to the effect that plaintiff has been performing some work as a barber, but that he still possesses the hernia and complains of much pain therefrom. The other was executed by a physician who attested that plaintiff's her-

nia has increased in size, and that it is very dangerous for him to do work required of a barber.

Principally because of the factual allegations of the motion and the referred to affidavits, we decided to and did grant a rehearing. It is this status that the case now occupies.

Defendants earnestly contend on this rehearing that the judgment of the district court is correct and should be affirmed for the following reasons: (1) Plaintiff failed to prove that he sustained a hernia while at work. (2) The hernia was a recurrence of a hernia sustained at a time when he was not employed by Libbey-Owens-Ford Glass Company.

The record in the case has again been reviewed by us, and serious consideration of the two above-stated contentions has been given in connection with that review. However, we are still of the belief that plaintiff received a hernia while in and by reason of the discharge of his duties with defendant employer, and that when the case was tried he was suffering total disability because of his injuries. Our original opinion fully and clearly discloses the reasons for our position, and it is needless for us to repeat them.

■ It is suggested and urged by defense counsel, in the alternative, that the case should be remanded to afford defendants the opportunity to prove that plaintiff has been pursuing the barber trade almost continuously since October 3, 1935. This is based on the affidavit attached to their motion, to which we have above referred. Although we cannot and do not accept the ex parte affidavit as constituting conclusive proof of the facts therein set forth, we must and do give it due consideration and view it as being in corroboration of the allegations of defendant's pleadings in this court. The affidavit recites:

"State of Louisiana
"Parish of Caddo

"Before me, the undersigned Notary Public, personally came and appeared B. E. Achee, who, after first being duly sworn, says:

"That he is the Adjuster for Liberty Mutual Insurance Company, one of the defendants in this cause; that he has read the foregoing application and the allegations made therein are true and correct to the best of affiant's information and belief.

"Affiant further says that he visited the Avenue Barber Shop and examined the books of said shop and that said books show that the said James T. Biggs worked in said shop as a barber from on or about October 3, 1935, until on or about October 10, 1936, with the exception of about two weeks in the Summer of 1936; and that the average weekly earnings of the said James T. Biggs amounted to approximately fifteen dollars per week.

"Affiant further says that the said James T. Biggs is now working as a barber in the barber shop of V. G. Leggio on Jordan Street in Shreveport to affiant's own personal knowledge.

"B. E. Achee

"Sworn to and subscribed before me on this the 13 day of November, 1936.
"Alex F. Smith, Notary Public."

■ The record discloses that plaintiff is a barber by trade and that he followed his vocation for a number of years before commencing work with the defendant Glass Company. Also, we notice that the judgment of the district court was rendered on October 9, 1935, and signed fourteen days thereafter. If the facts stated in the aforementioned affidavit are true, plaintiff has pursued, for a sizable period of time which began before the rendering and signing of the judgment dismissing his suit, an occupation for which he was trained and well fitted, and he received fair remuneration therefor; and, consequently, it cannot be correctly said that he has been totally disabled continuously since October 3, 1935. Because of this situation, we think that the case should be remanded to the trial court in order that testimony may be received regarding the assertions made in the affidavit.

In reaching this conclusion, we are not unmindful of the decisions of the Supreme Court in the cases of Daniels v. Shreveport Producing & Ref'g Corp'n, 151 La. 800, 92 So. 341, and Black v. Louisiana Central Lumber Co., 161 La. 889, 109 So. 538, wherein it was held that in view of section 20 of Act No. 20 of 1914, as amended, a compensation case would not be remanded to the district court for the introduction of additional evidence touching a plaintiff's ability to work. The reason for these rulings was that the cited section provided a definite and sufficient procedure for obtaining a reduction or increase, as the case might be, in the compensation awarded to the claimant by the trial court. However, the Daniels and Black Cases may be differentiated from the case at bar, and, in our

opinion, the doctrine therein announced is not here applicable.

As will be seen in the cited cases, a judgment of compensation was awarded to each plaintiff by the trial court. According to section 20 of the Employers' Liability Act in existence at that time, the judgment could be reviewed for the purpose of obtaining a modification thereof, after one year from the date when it became operative. That section was later amended by Act No. 85 of 1926 (page 123) to provide that:

"* * * any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased."

In the instant case, the judgment of the district court did not award compensation to plaintiff. It was one rejecting his demands. If it had been in plaintiff's favor, defendants, under the above-quoted provisions of Act No. 85 of 1926, could have sought a modification of the award after six months from the date of the trial court's decree. But as it was otherwise, there was no reason or occasion for defendants' urging a reopening of the case. It was on the appeal to this court, and after the expiration of more than one year from the trial court's judgment, that plaintiff was decreed to be entitled to compensation as for total disability.

If plaintiff's disability to do work of any reasonable character actually ceased on October 3, 1935, as the affidavit asserts, our judgment of date October 30, 1936, declaring him totally and permanently disabled, would not only be improper and not in accord with the true facts, but would also be unjust and unfair to defendants. Upon its becoming final, defendants could be compelled, through the execution of the judgment, to pay weekly compensation for total disability from the date of injury to that time. They would have no means or remedy of restricting such payments to the actual period of disability. We think that such a condition would be clearly inequitable, and that in the interest of justice this case should be remanded for the sole purpose of receiving testimony pertaining to the extent of plaintiff's disability on October 3, 1935, and subsequent thereto.

Accordingly, our former decree is set aside, and the case is remanded to the district court for further proceedings in accordance with the views herein expressed. All costs shall abide the final determination of the case.