## BIGGS v. LIBBEY–OWENS–FORD GLASS CO. et al.

### No. 5554.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Rehearing Denied Jan. 3, 1938.

Writ of Certiorari and Review Denied Feb. 7, 1938.

Jackson, Smith & Mayer, of Shreveport, for appellant.

Brooks, Barnette & Barnette, of Shreveport, for appellee.

DREW, Judge.

This is a suit instituted under the Workmen's Compensation Law of this State. Act No. 20 of 1914, as amended. It is before us for the third time. In the first judgment rendered by us on October 30, 1936, reported in 170 So. 273, we reversed a judgment of the lower court, found plaintiff totally disabled, and awarded him compensation at the rate of $13.58 per week, which was 65 per cent. of his week-

ly wage, during the period of total disability, not, however, to exceed 400 weeks; the first payment to begin November 9, 1934.

Defendant applied for a rehearing, and, after alleging numerous errors in our judgment, alleged that plaintiff commenced work as a barber on October 3, 1935, about 7 days before judgment was rendered by the lower court, and had continued to work ever since, and that these facts were not known to defendant until after the appeal was lodged here.

An affidavit, substantiating the allegations, was attached to the application. They prayed for a rehearing, and, after further consideration by this court, that the judgment of the lower court be affirmed, and, in the alternative, that the case be remanded for the purpose of allowing defendants to establish the facts set forth in the affidavit.

The rehearing was granted in the case, and it was fixed down for trial and again argued.

On April 2, 1937, we rendered our second opinion in the case, which is reported in 173 So. 898, 900. In that opinion we said:

"In the instant case, the judgment of the district court did not award compensation to plaintiff. It was one rejecting his demands. If it had been in plaintiff's favor, defendants, under the above-quoted provisions of Act No. 85 of 1926, could have sought a modification of the award after six months from the date of the trial court's decree. But as it was otherwise, there was no reason or occasion for defendants' urging a reopening of the case. It was on the appeal to this court, and after the expiration of more than one year from the trial court's judgment, that plaintiff was decreed to be entitled to compensation as 'for total disability.

"If plaintiff's disability to do work of any reasonable character actually ceased on October 3, 1935, as the affidavit asserts, our judgment of date October 30, 1936, declaring him totally and permanently disabled, would not only be improper and not in accord with the true facts, but would also be unjust and unfair to defendants. Upon its becoming final, defendants could be compelled, through the execution of the judgment, to pay weekly compensation for total disability from the date of injury to that time. They would have no means or remedy of restricting such payments to the actual period of disability. We think that such a condition would be clearly inequitable, and that in the interest of justice this case should be remanded for the sole purpose of receiving testimony pertaining to the extent of plaintiff's disability on October 3, 1935, and subsequent thereto.

"Accordingly, our former decree is set aside, and the case is remanded to the district court for further proceedings in accordance with the views herein expressed. All costs shall abide the final determination of the case."

In accordance with these instructions, the case was tried below the second time, and, after hearing the additional testimony offered, the lower court awarded plaintiff judgment for 65 per cent. of his weekly wage at the time of injury, for a period not to exceed 400 weeks. Defendants have perfected an appeal from that judgment.

The testimony offered on the second trial discloses that plaintiff began to work at the barber's trade on October 12, 1935, which was 3 days after his demands for compensation had been refused by the lower court. He continued, not regularly, however, to work at this trade, until October, 1936. He began to work again as a barber in December, 1936, and continued to work until April or May of 1937. The record shows that during this period of time there were some weeks in which he did not work at all; others, in which he would work 1 day or 2 days or 3 days; some weeks, 4 days. Quite a number of weeks he worked 6 days.

The amount of work he did, per day, during this period, of which amount he received 65 per cent., ranged from 20 cents to the highest amount of $14, which he collected one day during this period. A general average of his earnings during the period he worked as a barber would probably run around eight to ten dollars per week.

The record also discloses that plaintiff worked under great difficulty and suffered much pain due to his efforts to work. The injury plaintiff had suffered while in the employ of defendants, at their glass factory, was an inguinal hernia, and often, while working on a customer in the barbershop, would suffer so much pain that, unless some fellow barber caught him, he would fall. He often had to quit while in the act of shaving a customer, and have one of the other barbers finish for him.

The medical testimony shows that he should not have worked, and, in working, he endangered his life. Plaintiff states he was not able to work, but had to work or starve; and, due to this fact, he did what work he could, although he suffered greatly and realized the constant danger he was in from strangulation and possible death. He further testified that, if he had been receiving compensation, he would not have worked and undergone the suffering caused by the work.

■ Under all the testimony, there can be no doubt that plaintiff is totally incapacitated to perform work of any reasonable character, and that every day he attempted to work he was endangering his life.

■ Defendants contend that since he did work, that they should be credited with the amount of his earnings on any judgment rendered against them. We are not impressed with this contention. Plaintiff should not have been at work; he should have been receiving compensation. Necessity forced him to work under the circumstances, and defendants are not entitled to any credit from his earnings.

We had a similar question in the case of Wood v. Peoples Homestead & Savings Association et al., 177 So. 466, 472, and decided by us in October, 1937, not yet reported. In that case we said: "The only specific allegation is that plaintiff can drive his car and for a period of nearly eight months has earned through collections a small pittance of a little more than $20 per month. It is not shown that any evidence could be produced to show that he could do similar labor such as he was performing prior to the accident, or that he could do work of any reasonable character such as he was accustomed before the accident. It is commendable in plaintiff to attempt to earn a little money and do whatever his physical condition will permit. He might take his seat on a corner in an easy chair and sell papers and peanuts, but that would not deprive him of his right to compensation, under the law. The law does not require that one sit idly by and hold one's hands in order to receive compensation for injuries which have incapacitated one from performing the regular line of work. If that were true, instead of the law being a humane one, it would be most inhuman. Parker v. Weber-King Mfg. Co., 19 La.App. 177, 139 So. 660, 661."

■ Defendants further contend that the lower court erred in not allowing them to prove that plaintiff had worked as a carpenter at a CCC camp in August, 1935. The lower court excluded the testimony, for the reason that it was going beyond the mandate of this court. In remanding the case, the case was remanded to hear testimony as to the work performed by plaintiff after October 3, 1935, which was in accord with defendant's prayer. The evidence was properly excluded.

We find no error in the judgment of the lower court, and it is therefore affirmed, with costs.

## On Application for Rehearing.

PER CURIAM.

Plaintiff was awarded compensation in the sum of $13.58 per week by judgment of this court rendered October 30, 1936, during the period of his disability, not exceeding, however, a total of 400 weeks. On application for rehearing, the case was remanded to admit testimony relevant to the new issue raised by the application. At the conclusion of trial had in keeping with the remand, the lower court awarded compensation for the same amount and on the same basis as was done by this court on first consideration of the case. The lower court simply adopted the calculation of this court as regards the rate of weekly compensation due plaintiff. In remanding the case, the rate of compensation was not again submitted as a controverted question. We affirmed this last judgment of the lower court, and the present application for rehearing is addressed to alleged errors in this last judgment.

■ Our attention is called to a patent error in calculation made by us originally in arriving at plaintiff's weekly wage and income. We stated it to be $20.20, whereas the correct amount was $18.20; 65 per cent. of which is $11.83 and not $13.58, as first decreed. We are warranted in making correction in this respect without the necessity of granting a rehearing. Code of Practice, art. 547.

Therefore, the judgment of the lower court appealed from and our own, affirming it, is amended by reducing the rate of weekly compensation payments to which plaintiff is entitled to $11.83; and, with this amendment, the application for rehearing is denied.