The plaintiff, Horace Cormier, instituted this suit to recover compensation for total, permanent disability as the result of an alleged accidental injury said to have been sustained during the course and scope of his employment with the defendant, Hart-Mun Furnace Company, while doing hard manual labor as a helper and apprentice, in the construction of an oil refinery. The suit is brought against the employer and the Western Casualty and Surety Company, its compensation insurance carrier.
The plaintiff alleges in his petition that on or about April 18, 1941, while in the act of leaning over, exerting great physical effort, and while handling sheets of iron or tin sheet metal for the defendant, Hart-Mun Furnace Company, he felt a sharp pain in the right side of his lower abdomen, which, he states, resulted in a "hernia and/or incomplete hernia." He alleges further that he did not realize the gravity of his injury at the time and he worked in the same capacity until he was discharged in the latter part of April of that year.
After alleging also that his injury has resulted in his total and permanent disability, he sets out the amount of weekly wages he received, based on which he claims compensation at the rate of $19.50 per week for four hundred weeks.
The defendants, for answer, deny that the plaintiff received any accidental injury while he was employed by the Hart-Mun Furnace Company and allege that he was laid off on April 30, 1941, because of the fact that the job on which he was working was nearing completion and his services were no longer needed. They further allege that the plaintiff did not suffer any disability nor has he any physical defects or infirmities, but that if he has, the same were not suffered while in the course and scope of his said employment with the Hart-Mun Furnace Company.
On the issues as thus presented, the case was tried in the lower court and resulted in a judgment in favor of the plaintiff awarding him compensation as prayed for, whereupon this appeal was taken by the defendants.
Plaintiff testified that on the date of the alleged accident, while in the act of performing his work at the time the same occurred, he was on a scaffold or tower about eighty feet above the ground, holding a rope to which was attached a sheet of iron and, in attempting to prevent the wind, which was blowing very hard, from jerking and destroying the sheet of iron, he over-exerted himself and the resulting strain he was put through caused a "rushing" sensation in the lower part of his stomach, "causing it to get warm". He *Page 815 
states that he came down from the scaffold section by section and felt so bad that he was unable to eat lunch. Apparently he worked the rest of that day and continued to work for about two weeks thereafter without ever having made a report of his alleged injury or without ever having seen a doctor about it. He also states that he told his wife about his condition that afternoon, that she prepared him a dose of Epsom salts, which he took, after which they both went to visit his father who lived about a mile away. His father testified that he noticed that afternoon that his son was in pain.
Plaintiff produced one medical expert, Dr. L.L. Digiglia, who testified that he had examined the plaintiff's right inguinal area and found an enlarged external ring with little pulsation in the canal on straining and coughing; that on the left side he found that the ring was not as large and that on straining it was closed and the muscles would come together. He said that he found the plaintiff had some form of hernia and when asked if there was any medical term used specifically for the type of hernia that it was, he replied, "That depends on doctors, localities and so forth, some will call it a potential and some will call it a beginning hernia." Dr. W.G. Fisher, testifying as a witness for the defendants, stated that he had examined the plaintiff and that the condition which existed was such that a hernia might result from physical exertion or strain, but he did not think that it had been brought about by straining. Most authorities, he said, considered it as being congenital. Dr. Walter Moss, who also testified as a witness for the defendants, stated that plaintiff had a large relaxed inguinal ring which, in his opinion, had not been caused by strain. He distinguished the condition which he found from a hernia, which, he says, is a protrusion of one or more organs through an aperture. The plaintiff, he says, has no such protrusion.
Taking all the medical testimony into consideration, it would seem that because of an enlarged external ring plaintiff has a potential hernial condition. In other words, he is more susceptible to having a hernia than a normal person, but it is positive that as yet he has no hernia, either complete or incomplete.
On the evidence as a whole, we are unable to agree with the findings of the trial court. It is admitted by plaintiff that he worked for two weeks following the date of the alleged injury without ever having reported his injury to his foreman or to a doctor. Moreover, on the day of the accident, he and his wife paid a visit to his father, which indicates that at that time he must not have been in such severe pain as he seems to have complained of.
It was not until after his discharge, and upon examination by Dr. Barham to pass a physical examination for employment with the Kellogg Company, that plaintiff's condition was discovered. It is stated in the opinion of the lower court that he had passed several previous physical examinations for industrial work, but the record does not contain evidence that he had, and it is definitely shown that the defendant employer herein did not require any such physical tests on the part of their employees. Under these circumstances, this court is unable to conclude that the plaintiff suffered such an injury within the course and scope of his employment as would entitle him to compensation under the provisions of Act 20 of 1914 and its amendments.
We have once before held that the condition which existed in this plaintiff is one that is not compensable under the provisions of the statute in question. In the case of Taylor v. Kirby Lumber Company, La.App., 182 So. 169, it was found that the plaintiff had a slight enlargement of the right inguinal ring which was referred to as a potential hernia and which, it was stated in effect, was not a disabling condition.
The case of Long v. Louisiana Highway Commission, La.App.,2 So.2d 683, cited in the opinion of the trial court, is one in which most of the doctors stated that there was a bulging or protrusion along the inguinal canal and in addition they definitely described the condition as one of an incomplete hernia which, as has frequently been held, is compensable as well as a complete hernia. Parker v. Weber-King Mfg. Company, 19 La.App. 177, 139 So. 660. In the case of Long v. Louisiana Highway Commission, supra, there was also definite evidence to the effect that plaintiff had suffered an injury in the course and scope of his employment, a fact about which we are left in serious doubt in the present case.
In view of the foregoing this court must conclude that plaintiff has failed to prove that he has a hernia either *Page 816 
complete or incomplete and also that he has failed to show with legal certainty that the condition he complains of arose out of an accident in the course and scope of his employment with the defendants, Hart-Mun Furnace Company.
For the reasons stated it is therefore ordered that the judgment appealed from be and the same is hereby reversed, avoided and annulled, and it is now ordered that there be judgment in favor of the defendants and against the plaintiff dismissing the latter's suit. Inasmuch as this is a proceeding in forma pauperis, no costs can be taxed.