This is a suit for compensation in which the demands of plaintiff were rejected by judgment of the District Court, from which judgment he has brought this appeal.
The facts show that plaintiff entered the employ of the defendant on August 18, 1943, in the capacity of a fitter's helper, or welder's assistant. The defendant company dispensed with plaintiff's services on August 25, 1943, for the assigned reason that his work experience and qualifications were not suited to the employer's type of work. On August 26, 1943, plaintiff applied for employment with the Atlas Oil Refining Company, was accepted and was sent to Dr. Hilton for a physical examination. In the course of his examination Dr. Hilton made the routine examination for hernia, and, as a result, after consulting an attorney, plaintiff went to Dr. L.H. Pirkle for an examination.
It is conclusively established that plaintiff was suffering at the time of trial from an enlarged ring on the left side, sometimes referred to as a potential hernia, and an incomplete inguinal hernia on the right side. The defense is that plaintiff sustained no accident while in the employ of the defendant within the meaning of the Compensation Act, and that he must have been affected with the hernia prior to his employment by defendant.
It is well established by our jurisprudence that the protection accorded by the Compensation Act of our State, Act No. 20 of 1914, as amended, against injury by accident comprehends and includes the giving way of affected parts of the body while at work, even though the disability was not the immediate result of an unusual strain or physical effort. This rule is fully discussed in a case which was before this Court on three distinct occasions, and in which each of the three members of this Court wrote an opinion. We refer to Biggs v. Libbey-Owens Ford Glass Co., La.App., 170 So. 273; Id., La.App., 173 So. 898; and Id., La.App., 178 So. 639.
It is well established that the plaintiff in a compensation case must prove his claim, and we thoroughly agree with the cases cited by diligent counsel for defendant to the effect that speculation and probabilities are not sufficient to justify a decree in favor of a plaintiff in the absence of his establishment of his claim with reasonable certainty.
In the instant case it is true that the only testimony as to the actual occurrence of injury comes from the plaintiff himself. Plaintiff claims that he was accustomed in the course of his employment to handling, moving, shifting and lifting nozzles of varying weights from some 40 to 175 *Page 296 
ponds. These nozzles were placed for welding on tanks, and it was the duty of the welder's assistant to see that they were placed and to assist in holding and packing them in proper position pending the actual operation of welding.
Defendant relies upon the testimony of the superintendent of its plant, the testimony of two welders and one "layout" man with whom plaintiff worked during the brief one-week period of his employment. It is claimed that the testimony of these witnesses conclusively indicates that plaintiff's duties did not require, and that he did not perform, any heavy labor. Defendant's witnesses testify that they did not see him lift any of the heavy nozzles, but this testimony is materially weakened by the fact that the superintendent himself testified that it was plaintiff's duty to handle such nozzles as might be required on the particular job on which he worked, and to assist in handling heavy timbers in the nature and about the size of cross-ties. It is also established that these witnesses were not actually in a position to observe plaintiff's labors at all times. Common sense indicates the conclusion that one employed in the capacity of a welder's helper would at times find both occasion and necessity to lift, move and hold appliances and fittings of substantial weight and size, and this conclusion is borne out by the admissions of defendant's superintendent and one of the welders under whom plaintiff worked, who testified that 6-inch nozzles, weighing approximately 100 pounds, were sometimes lifted and placed by hand in the course of fitting and welding operations.
Plaintiff's own story as to the actual injury is to the effect that after lifting a number of nozzles in the course of his labor on August 24, he experienced a burning, stinging sensation in his right side. Thinking that this sensation might have been caused by a cigarette, he testified that he simply "brushed off his britches" and continued his work. As a matter of fact, it is beyond question that plaintiff was unaware of the existence of the hernia until his examination by physicians on the 27th of August.
The facts as established by the record in this case definitely preponderate in favor of plaintiff's claim to such an extent and degree that there remains no question in our minds as to the fact that plaintiff's injury occurred during the course and in the scope of his employment.
It is assiduously contended on behalf of defendant that the plaintiff's hernia may have existed prior to the date of his employment by defendant. We are unable to accord any serious consideration to this claim. Plaintiff was examined by Dr. W.M. Scott upon his acceptance in the employ of defendant, and Dr. Scott's findings were negative as to the existence of hernia. Plaintiff testifies that he was given the routine examination for hernia by Dr. Scott. Some effort is made to show that Dr. Scott could have missed the hernia in the course of his examination, but in this connection it is extremely significant that defendant did not produce Dr. Scott as a witness in its behalf. It can only be concluded that Dr. Scott's testimony would have been unfavorable to defendant. However, there is no occasion for us to rely exclusively upon Dr. Scott's examination, since it is shown that plaintiff had theretofore undergone physical examinations on several occasions, particularly at the Veterans' Hospital at Alexandria and by another physician in Shreveport. Plaintiff had served in the army of the United States for a period of more than two years, had been honorably discharged in 1939, and thereafter had worked as a carpenter at Barksdale Field from April, 1941, until the 15th of August, 1943. Nor is there anything in the record to indicate that plaintiff had engaged in any activities since leaving defendant's employ which might have caused the injury.
After carefully weighing all the facts in this case, we are satisfied that plaintiff was not suffering from hernia at the time he entered defendant's employ, and that he sustained the hernia in the course of his employment by defendant. To refuse recovery in this case would necessitate a finding that plaintiff suffered from hernia prior to his employment by defendant, which finding would be at variance with the facts.
It is admitted that plaintiff's wages were $33 per week.
For the reasons assigned, the judgment appealed from is annulled and set aside, and there is now judgment in favor of plaintiff and against the defendant for $20 per week during the period of plaintiff's disability, not to exceed 400 weeks, payable in weekly installments beginning September 1, 1943, which installments shall bear interest at the rate of 5% per annum from their respective maturities until paid, together with all costs. *Page 297