Plaintiff claims compensation for total and permanent disability alleged to have resulted from injuries sustained in an accident while in the course of his employment as a bus driver. *Page 181 
The facts show that plaintiff, while in the employ of defendant, the owner and operator of the Minden Shell Plant Bus Line, in November, 1944, developed phlebitis in the left leg as the result of which he was forced to quit work. In March, 1945, his condition having shown such improvement, in the opinion of his physician, as to permit him to perform the duties of a bus driver, defendant was re-employed and he continued to perform the duties attendant upon his employment as the driver of one of defendant's busses, until such employment was terminated on August 18, 1945.
It is alleged by plaintiff that on the night of August 16, 1945, after his arrival at the bus station in Minden, Louisiana, upon completion of his trip from the shell plant, he sustained a fall in alighting from the bus, and so severely strained, bruised and otherwise injured his leg as to cause a return of his former trouble, phlebitis; that, despite his pain and suffering he continued to drive the bus until his employment was terminated on August 18; that his condition continued to grow worse until on August 20th he was forced to return to his physician and to remain under constant treatment for this condition.
Defendant employer and his insurer in answer alleged that plaintiff was suffering with phlebitis at the time of his injury, and that if his condition became worse during the course of such employment it was due to plaintiff's failure to properly care for himself and not to any injury sustained in the course of his employment, the accident and injuries alleged upon by plaintiff being specifically denied.
After trial there was judgment rejecting plaintiff's demands, from which judgment plaintiff has appealed.
[1, 2] The testimony of plaintiff and a fellow employee, by whom he attempted to substantiate his story of the accident, is so vague, inconsistent and contradictory as to leave us unconvinced of the actual occurrence of the "accident" upon which plaintiff bases his claim. However, it is not necessary for us to rest the conclusion reached in this opinion solely upon this point, since, in our opinion, the medical testimony to the effect that the accident as related by plaintiff would not either have caused a recurrence of phlebitis or aggravated such an affection clearly preponderates.
It is to be emphasized in the consideration of this case that plaintiff does not base his claim upon the original onset of phlebitis which was sustained during the time of his first period of employment by this defendant but rather upon the effect of the "accident" and, alternatively, upon the contention that his work as a bus driver aggravated the pre-existing phlebitis to such degree and extent as to cause total and permanent disability.
Only two expert medical witnesses testified in this case, one on behalf of plaintiff, and one on behalf of defendant. Plaintiff's witness, Dr. S.F. Martin, testified that he first treated plaintiff for phlebitis in December of 1944. It appears that the treatment for this trouble consisted entirely of rest of the affected member. Plaintiff responded to treatment, and, according to Dr. Martin's opinion, was able to return to work at the time of his re-employment by defendant in February of 1945. On August 20, 1945, when plaintiff returned to Dr. Martin, it was discovered that the condition of phlebitis had recurred to such a serious extent as indicated, in the opinion of the physician, that plaintiff was unable to continue to perform manual labor as a bus driver. With regard to the effect of the "accident" Dr. Martin testified that the sudden throwing of the whole weight of the body upon the left leg and the spraining of the ankle might have aggravated plaintiff's condition. It is noted that Dr. Martin was extremely cautious in expressing any definite opinion and on cross-examination he qualified his statement to the degree evidenced by the following extract from his testimony:
"Q. Doctor, is it your testimony that a sprain of the left ankle or left portion of the foot, would aggravate phlebitis to such an extent that it is your positive testimony that the straining thereof did aggravate it? A. If that was not in the origin of the infected vein, no the spraining of the ankle would not. A wrench of the leg might, but I don't think the mere act of a sprain *Page 182 
would, unless he had some of this type of veins in the ankle and it irritated the veins, then it would do it.
"Q. He stated he felt very little pain in the ankle when he tripped and turned his ankle. No other portion or part of the leg was disturbed. Would you then state that that was the cause of his present condition? A. Well, I attribute the present condition probably to the injury of the fall, and to continued use of the leg or the foot on the brakes in driving. That and this both would bring it on."
Dr. B.L. Cook, for the defendant, was definite in the expression of his opinion that the character of accident as related by plaintiff would not have aggravated plaintiff's condition, and we think that the following extract from the testimony of this witness on cross-examination is particularly convincing:
"Q. Doctor, the testimony is that Mr. Dempsey, in alighting from his bus, tripped or stumbled and struck the ground with his left foot, which threw his whole weight on his left foot, and went on over on his hands and knees. He testified that after he received that fall that his leg began paining him the next day and got worse the next day, and, I believe the third day he was forced to go back to the doctor. Now is it possible, or probable, that that fall could have aggravated the condition? A. Not unless, Judge, it was a direct injury to those varicose veins themselves. Let me elaborate a little bit on that. When you trip and fall and land with your weight on one leg, the entire weight is carried on the bone. His condition — the condition he has is in the superficial veins just beneath the skin. There would be little or no tension placed on the veins, just in standing on his feet, because it is transmitted in the bone itself. Now in a sprain, he could tear the tendons and ligaments of the joints, which would give severe pain. Now that would radiate up through the veins from the swelling in the ankle, which would be swollen and tense, and that pain would radiate up the veins, but unless you have an actual or direct injury to those vessels, I don't believe the veins would be affected."
Upon the basis of the testimony of the medical experts we are able to eliminate plaintiff's claim of disability resulting from the accident complained of which he sustained about two days before the termination of his employment, of which termination he had been advised a short time prior to the occurrence of the alleged accident.
The sole question that remains for disposition deals with the contention, which is strongly urged by distinguished counsel for plaintiff that the use of the leg in operations attendant upon driving a bus caused plaintiff's disability, and in support of this point counsel particularly cites Custer v. Higgins Industries, Inc., La. App., 24 So.2d 511, and Hill v. J. B. Beaird Corp., La. App., 19 So.2d 295.
Reference to the cited cases conclusively indicates that they are easily distinguishable, upon the basis of the facts involved, from the instant case. In both the Custer and the Hill cases the Court found that accidents had been established by a prepondance of the evidence. In the Custer case the plaintiff had sustained an aggravation of a malignant tumor when, in pushing a skylight hatch, he jabbed his elbow into the side of his abdomen; and in the Hill case plaintiff sustained an injury while lifting heavy weights. In the opinion of the Court in the Hill case, which opinion was written by the author of this opinion, we made the following statement [19 So.2d 296]: "The facts as established by the record in this case definitely preponderate in favor of plaintiff's claim to such an extent and degree that there remains no question in ourminds as to the fact that plaintiff's injury occurred duringthe course and in the scope of his employment." (Emphasis supplied.)
[3] In the instant case we find that the facts do not preponderate in favor of this plaintiff but, on the contrary, in favor of the claims of defendant. Analysis of the medical testimony convinces us, even conceding, arguendo, the occurrence of the alleged accident, that plaintiff suffered no injury therefrom. And, further, there was no aggravation of plaintiff's existing affection, *Page 183 
phlebitis, in the sense comprehended by the rule as to the "giving way of affected parts of the body while at work" within the doctrine stated in the case of Biggs v. Libbey-Owens-Ford Glass Co., La. App., 170 So. 273, 173 So. 898, 178 So. 639.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.